CROWN CORK & SEAL CO. v. ALUMINUM STOPPER CO. et al.

(Circuit Court, D. Maryland. March 24, 1900.)

1. PATENTS—REISSUE—CONSTRUCTION OF CLAIM.

Under the rule that the invention disclosed by the original patent cannot be broadened by a reissue, an additional claim embodied in a reissue must be construed with reference to the limitations imposed by the proceedings on the original application; and where the file wrapper discloses that a certain feature was an essential element of the combination of the original invention, without which it was held unpatentable, such feature must also be considered an element of the additional claim.

2. SAME.

Reference to the specification and drawings is always proper, to ascertain what were the essential and real characteristics of the invention there described.

3. SAME—SUIT FOR INFRINGEMENT—EFFECT OF NONUSER.

Nonuser of a patented device does not deprive a complainant of the right to an injunction against infringement, when clearly shown, but may be considered as tending to support a claim of defendant that the device is not practically operative, and as bearing on the question of infringement, where defendant's device is shown to be commercially successful.

4. SAME—INFRINGEMENT—BOTTLE STOPPER.

The Painter reissued patent, No. 11,685, for a bottle stopper, as well as the original patent, No. 540,072, is limited to substantially the mechanism therein described, which consists of a combination of three elements: An annular projection or shoulder in the interior of the neck of the bottle, on which the stopper rests; an annular groove immediately above such shoulder; and a cup-shaped disk, made of tin or other similar metal, slightly smaller in diameter than the interior of the bottle neck, which is rested upon the shoulder, and there expanded by pressure, which flattens it and forces the edges into the groove, forming a tight stopper. The interior shoulder is an essential element of the invention, and the patent is not infringed by a stopper made in accordance with the Hall patent, No. 541,203, in which no such shoulder or its equivalent is used.

In Equity. Suit for infringement of a patent. On final hearing.

Robert H. Parkinson and William A. Fisher, for complainant.

Albert H. Walker and William E. Hoffman, for defendants.

MORRIS, District Judge. This is a suit in equity, praying an injunction and an account, for alleged infringement of a patent for a bottle stopper belonging to the complainant. The inventor, William Painter, filed his application for the patent October 12, 1885. By reason of contentions with the examiners of the patent office with respect to the scope of the claims, the patent was not granted until very nearly ten years after the application, viz. May 28, 1895, when patent No. 540,072, with four claims, was granted to the inventor, William Painter. On December 26th of the same year (about seven months after the granting of the original patent), Painter applied for a reissue; and after rejection by the examiner, which was reversed on appeal to the examiners in chief, and after the overruling of a protest against the allowance of the reissue filed by Robert A. Hall, the patentee under whose patent the defendants are now manufacturing, the reissue No. 11,685, with the additional claim 5, was granted July 26, 1898, to the complainant, as an assignee of Painter, and it is for the alleged infringement of this reissued patent that this suit is instituted. The bottle stopper made and sold by the defendant corporation is made by it under the patent (mentioned above) to Robert A. Hall, upon application filed February 28, 1894 (No. 541,203), issued to him June 18, 1895.

The defendants' answer sets up 11 different defenses, some of which are attempted to be supported by imputations of fraud and perjury; but to sustain these serious charges there has been no persuasive proof adduced, and they will not be further noticed in this opinion, and are dismissed as not entitled to consideration. The other defenses are, in substance, that the reissued patent is void for want of utility; that Painter had abandoned the original application before the patent was granted; that the original patent was surrendered without legal ground for surrender; that claim 5 of the reissue was broader than any claim of the original patent, and the application for the reissue was unreasonably delayed; that claim 5 of the reissue was not for the same invention shown in the original; that the defendants have not infringed; that the complainants are estopped from enforcing the reissued patent against the defendants; and, further, that equity has no jurisdiction, because the complainants have never manufactured, used, or sold any bottle stoppers made according to the reissued patent.

The Painter original patent, No. 540,072, describes a bottle stopper made of a metallic disk, of tin or other nonelastic material, of a convex or cup-like shape. It is inserted in the bottle with its convex side up, so as to rest upon an annular projection inside the neck of the bottle, sufficient to prevent its being pressed down, or of itself falling down, into the bottle. Immediately above the annular projection or shoulder there is an annular recess or groove in the inside of the neck of the bottle, into which the edge of the convex-shaped disk may be expanded to make it fit tightly when by pressure the convexity is flattened out. In order to make a perfectly tight joint, a packing of some sort is placed on the underside of the disk, and rests upon the jutting shoulder, or may be placed, in the form of a gasket, in the annular groove. The inventor also exhibits, in Fig. 5 of the

drawings, a modification in which the metal disk is placed resting on the shoulder, with the concave, instead of the convex, side uppermost, and with the edge of the disk turned up more abruptly; and in this form, by the use of the expanding tool, the upturned edge is forced into the annular groove. In the original patent as granted there were four claims: First, for the combination of the bottle neck having an inside groove and a shoulder projecting inward, and a cup-shaped disk or plate of material having permanent flexion, all operating as set forth; the second claim is for the same, with a hole in the metal disk, for convenience in extracting the stopper; third, for the same as the first, with the concave side of the disk arranged downward; and, fourth, the same as the first, with a packing beneath, and retained by the disk or plate. All four claims call for the shoulder projecting inward, beyond the wall of the mouth of the bottle above the groove, as an element of the combination. The use of the shoulder is thus explained in the specifications:

"The circumferential diameter of the disk, c, is slightly less than the interior diameter of the bottle neck above the groove, b, so that it will slip freely through and rest upon the shoulder, d, which projects inward slightly further than that portion of the bottle neck above the groove. The disk, c, is introduced concave side downward and convex side outward, so that its edge rests all around on said shoulder, d, and is free to expand into said groove when sufficient pressure is applied to the convex side to permanently reduce the convexity. Sufficient pressure will suppress the convexity and produce a plane, but the relative dimensions preferred are such that the edge of said disk will reach the bottom of said groove before the convex figure has disappeared, and in that way a hard and tight contact all around may be produced; but, as it is practically impossible to produce disks or bottle necks perfectly circular, it is desirable to employ a packing of some kind with the disk, c. This packing may be in the form of a gasket laid in said groove, around the edge of the disk, or beneath the same, and between it and the shoulder, d; but I prefer to employ a disk of the packing material laid below the disk, c, and either clamped against the shoulder, d, or forced into the bottle throat below said shoulder, and retained there by the disk."

It would appear that the invention of Painter consists, in substance, of the metal disk, smaller than the opening of the bottle,—made so that either by direct pressure, or by an expanding tool, it can, while it rests on the inwardly projecting shoulder, be expanded until its edge reaches into the groove, and the packing is forced down upon the shoulder, and makes a tight joint. In his original application, filed October 12, 1885, Painter had three claims, which were not allowed, as follows:

"(1) A bottle stopper, consisting of a cup-shaped disk, of substantially nonelastic metal, adapted to close a bottle mouth by being forcibly and permanently expanded after being placed therein, substantially as set forth. (2) A bottle stopper, consisting of a cup-shaped disk of metal, combined with a bottle neck having an interior groove, into which said disk is fastened by being forcibly and permanently expanded after being placed in said neck. (3) Combined with a bottle neck provided with an interior groove, b, a bottle stopper composed of a cup-shaped disk, c, of metal, permanently expanded into said groove, and a packing to close said bottle mouth below said disk, as set forth."

These claims were all rejected by the examiners of the patent office, as were also 10 others which were from time to time submitted during the protracted proceedings over the allowance of the patent.

It is quite clear that the state of the art did not entitle Painter to be treated as a pioneer inventor, in respect to the bottle stopper described in his specifications. Lenglet, in his patent No. 229,537, July 6, 1880, had described a stopper consisting of a metal cup and a glass jar, with annular grooves in its neck, into which grooves the annular sides of the cup, made of pliable metallic material, are expanded by an expanding tool, which he also patented September 7, 1880 (No. 231,917). Painter himself had patented a bottle stopper (No. 327,099), September 29, 1885, consisting of a flexible disk inserted into a bottle neck either having an internal groove, or without. In this patent the disk is to be made larger than the neck of the bottle, and forced in, so that it assumes the form of an inverted dome supported by pressure against the internal walls of the neck. He states in the specifications of his patent that many materials, metallic as well as nonmetallic, are available for this device, and that with metallic disks a packing is required. In the specifications of the patent now in suit, Painter states that bottle stoppers which act by expansion have theretofore been made, but, so far as he was aware, they have always been made of an elastic material expanded and maintained in that condition by a sustained mechanical pressure, and that his invention differed, in the employment of an expanded stopper made of some material substantially inelastic, which, when once expanded within the bottle mouth, will remain so. All he claims, therefore, as his invention, is the adaptation of a new material to an old idea, and the new means of doing it. It was a fact, however, that Lenglet had in 1880 patented a cup-shaped stopper, made of metal, which was expanded against the inside of the neck of a glass jar so as to fit into its grooves and make a perfect joint, and was intended to remain of the shape into which it had been pressed. Painter's invention was not a new application of a scientific principle to obtain a useful result, but, rather, an improvement in the material and mechanism of a known device. Painter's improvement was the use of the disk-shaped piece of tin, or similar metal, made slightly smaller in diameter than the bottle neck, which, when inserted, rested upon a shoulder; and his intention was that the disk should be flattened by pressure, or, if placed concave side up, was to be expanded by a tool until the disk was reduced almost to a plane, and the concavo-convex shape should nearly disappear, and the edge of the now nearly flat disk project into the groove to the extent of the depth of the groove. He states that the hard and tight contact all around the disk is produced by the edge of the disk being forced against the bottom of the groove, assisted by the packing which is used to obviate imperfections in the disks or bottle necks.

In the reissued patent claim 5 was added, as follows:

"(5) The combination, substantially as hereinbefore described, of a bottle having an interior groove in its mouth, a packing or gasket in said groove, and a disk or plate of material having permanent flexion, which confines the packing in said groove, and maintains it in tight contact with the adjacent surface of the groove."

It is conceded law that the invention disclosed by the original patent cannot be broadened by a surrender and reissue. It is the office

of a reissue, subject to the limitations and conditions under which it is permitted, to explain and claim the actual invention which the original exhibited, but failed properly to claim. And a test of what was the Painter invention shown in the original patent, sufficient, I think, for the decision of this particular case, is, would a person skilled in the art which is involved in this industry, and without the exercise of invention, be able from what is disclosed by either the original or the reissued patent to make the bottle stopper made by the defendant, or one substantially the same? The defendant's stopper is described and explained in the patent applied for by R. A. Hall February 28, 1894, and granted to him June 18, 1895 (No. 541,203). It is described as a hollow metal plug, which is expanded within the throat of the bottle into a retaining engagement therewith. The bottle for use with this stopper has no shoulder projecting inwardly, and it is claimed that even in an ordinary bottle it can be made, by the use of a rubber gasket, to produce a sufficient seal; but, for the best results, it is said that the bottle should have an annular groove just below the top or lip. The metal plug, as shown in the drawings, is a short cylinder open at the top and closed at the bottom. It has an outward flare or flange at the top, and its location in the neck of the bottle is gauged by the contact of the flange with the lip of the bottle. A rubber gasket is applied, by either placing it as a ring around the periphery of the metal cylinder, or as an annular packing in the groove in the neck of the bottle. The metal plug having been inserted in the mouth of the bottle, an expanding tool is applied within it, which forces a portion of the sides of the plug against the rubber gasket; forming, as seen from the inside of the metal cylinder, an annular groove or recess in the metal corresponding with the annular groove in the neck of the bottle. The ring of expanded metal, retaining its expanded shape, forms a sufficient sealing contact. The patentee claims, as an advantage of his form of stopper, that the expansion of the metal by the expander forms within the plug, as the result of the projection of the expanded portion into the groove, a shoulder of metal against which a bottle-opening tool can engage for convenient opening of the bottle.

It will be seen that in the Painter device the idea is to produce a nearly flat disk, with its circumferential edge engaging against the bottom of a groove; and a person who undertook to follow the instructions of the specifications of the Painter patent would naturally work to obtain that result. In his endeavor to accomplish what the patentee intended, it would not occur to him to dispense with the inwardly projecting shoulder in the neck of the bottle, and to have the disk made like a hollow plug or cylinder, and to flare the cylinder at the top so as to catch on the lip of the bottle and not fall through the neck, and then expand the sides of the plug near its bottom, leaving it a cup-shaped cylinder, with its edges flaring over the mouth of the bottle. This would be to abandon entirely all idea of producing by pressure or expansion a flattened disk, with its edges projecting into the groove. It would rather seem that the defendant's device would never have been arrived at by following any suggestion contained in complainant's patent.

It is urged, however, that as the flaring top of the metal plug is not claimed by Hall as essential, and that as in his specifications, he says, "So far as properly locating the plug within a bottle is concerned, it would be quite immaterial whether said location be gauged by the contact of a flange on the plug with the lip of the bottle, or by contact of the inner end of the plug (or edge of the gasket) with the lower side of a groove in the throat of the bottle, or by holding the plug suspended upon an expander which is gauged, as to its working position, by the lip of the bottle," therefore in the Painter device the disk can in the same way, without the use of a shoulder for support, be suspended in the neck of the bottle on an expander. It is true, no doubt, that with care this can be done; and it is true that in the defendant's device the length of the cylinder might be reduced until it is not to be distinguished from the complainant's disk, and the complainant's disk might have a greater initial diameter, and have its edges turned up until it was not to be, distinguished from defendant's plug or cylinder. But it would always remain that what was intended in complainant's patent was to produce a flattened disk, the edges of which engaged with the bottle, and what was intended in defendant's device was to expand the sides of the plug against the bottle, and not to expand the top or edge. I can see no ground for holding that the Painter patent in suit is entitled to a broad construction, covering every form of device for an expanding stopper, made of some substantially inelastic material, which, when once expanded within the bottle mouth, will remain so, and will confine a suitable packing in the groove; but the proper construction of the patent and of his invention, considering the state of the art, would rather seem to be confined to substantially the mechanism which he described and its equivalents, and I think an essential element in that invention was the interior shoulder in the neck of the bottle.

It is urged for the complainant that the flare or flange of the upper edge of defendant's cylinder is the equivalent of the shoulder in the bottle called for in complainant's specifications, and in his first four claims, for the reason that the result of each is to hold the stopper in place during the process of sealing, and also that the cylinder-shaped plug of the defendant is the equivalent of the "disk or plate of material having permanent flexion" mentioned in claim 5 of the Painter reissue. I cannot agree with this contention. Reference to the specifications and drawings is always proper to ascertain what were the essential and real characteristics of the invention there described. In the drawings of the complainant's patent, the tight joint is shown as made by the packing being forced hard against the shoulder, and the shoulder was an element in each of the four claims allowed in the original patent after 10 years' contention before the examiners of the patent office; and they were allowed upon the very ground that there was no patentable novelty in the expansible disk or the groove, but there was patentable novelty in the combination of the groove, the raised expansible disk or plate, and the shoulder. It is somewhat significant, also, that the complainant has never put upon the market, or otherwise in any way

used, the device described in the patent in suit. The reason for this is asserted to be that the other bottle-stopper devices manufactured by the complainant corporation, under other patents granted to Painter for other forms of stoppers, are so highly esteemed by the public that the complainant has never considered it worth while, so long as the defendant's conflicting contention had not been adjudicated, to attempt to commercially introduce this device. This non-user would not, in my opinion, affect the legal right of the complainant to enjoy the monopoly given it for 17 years by the Painter patent, and to enforce it by the aid of an injunction, if the defendant clearly infringed; but this nonuser does give support to the contention that the Painter patent in suit was not made use of, because the device has defects which make it difficult to use commercially, and that it was not the equivalent of the defendant's device, which is free from these difficulties.

Without discussing other questions raised by the defense, I hold that the defendants have not infringed the invention made known to the public through the original Painter patent, No. 540,072, or the reissue, No. 11,685.